**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice D. Songer,<br><br>       Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>       Defendant. | No. CV-18-02641-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 23.) For the following reasons, the Court will grant the motion and award $8,987 in fees, plus $400 in filing costs, for a total of $9,387.

## BACKGROUND

On August 21, 2018, Plaintiff filed the complaint. (Doc. 1.)

On October 26, 2018, the day on which the answer was due, Defendant filed a motion for an extension of time to answer (Doc. 8), and the following day, the Court granted the motion and extended the deadline to November 26, 2018 (Doc. 10). On November 26, 2018, Defendant filed an answer.

On January 24, 2019, Plaintiff filed her opening brief. (Doc. 14.) The opening brief states that on July 2, 2013, Plaintiff, a former police officer, was diagnosed with multiple sclerosis resulting in abnormality of gait, malaise and fatigue, memory loss, and visual disturbance. (*Id.* at 2-3.) She was also treated for restless leg syndrome, occasional falls,

and unsteady balance, as well as lower back pain and various foot conditions that caused difficulty walking. (*Id.* at 3-9.) In a "Multiple Sclerosis Impairment Questionnaire," dated July 1, 2014, Kathleen A. LuPone, APRN, reported that Plaintiff "was incapable of even low stress work." (*Id.* at 4.) In a "Disability Impairment Questionnaire," dated February 20, 2015, Nandria Keole, M.D., reported that Plaintiff could sit for only two hours and stand or walk for only two hours during an 8-hour workday, would frequently experience symptoms severe enough to interfere with attention and concentration, would need unscheduled 15-minute breaks every 1-2 hours, and would miss work 2 to 3 times per month. (*Id.* at 9.) The administrative law judge ("ALJ") found that Plaintiff had the medically determinable impairments of degenerative disc disease, multiple sclerosis, and essential hypertension but did not have a severe impairment or combination of impairments from her alleged onset date of September 1, 2012 through the expiration of her Title II insured status on December 31, 2014. (*Id.* at 10.) Plaintiff argued that "the ALJ applied an incorrect severity standard" and that the record "does not provide substantial evidence to support the ALJ's finding that [Plaintiff's] medically determinable impairments were no more than 'a slight abnormality' that had 'no more than a minimal effect' on her ability to work." (*Id.* at 12.) Plaintiff further argued that the ALJ erred by failing to even mention the opinion of treating physician Dr. Keole. (*Id.* at 21-23.)

Defendant's response brief was due on February 25, 2019. Defendant missed this deadline.

On February 27, 2019, Defendant filed a motion for extension of time to file a response brief. (Doc. 15.) Defendant's motion itself did not indicate that the deadline had lapsed. In a separately-filed declaration, Defendant's attorney acknowledged the lapsed deadline, declared that he had missed the deadline "[d]ue to a calendaring error," and apologized to the Court for the error. (Doc. 16 ¶ 2.) Both the motion and the declaration indicated that Plaintiff did not oppose the untimely request for an extension of time. (Doc. 15 at 1; Doc. 16 ¶ 4.) Defendant's deadline was extended to March 25, 2019.

On March 25, 2019, the parties filed a stipulation agreeing that the case should be

reversed and remanded. (Doc. 18 at 1.) The parties further stipulated that "[u]pon proper presentation, this Court will consider Plaintiff's application for costs and attorneys' fees under 28 U.S.C. § 2412(d)." (*Id.* at 2.) The following day, the Court granted the stipulation (Doc. 19) and the Clerk of Court entered judgment (Doc. 20).

Plaintiff's application for costs and fees was due on June 24, 2019. (Doc. 24 at 3.) On June 27, three days after the deadline elapsed, Plaintiff filed a motion for extension of time. (Doc. 21.) Plaintiff attached her attorney's declaration, which stated the deadline had been missed due to a calendaring error. (Doc. 21-2 ¶ 5.) Plaintiff's attorney further declared that "Plaintiff, in early June, began her attempts to communicate with Defendant regarding the possibility of filing an unopposed EAJA motion but has not received a response to any of her attempts to communicate." (*Id.* ¶ 7.) Plaintiff's attorney also declared that "Plaintiff has also attempted to contact Defendant regarding the instant motion but has not received a response." (*Id.* ¶ 8.) Finally, Plaintiff requested an extension of time to July 12, 2019.

On June 27, 2019, the Court issued an order applying the excusable-neglect factors outlined in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 365 (1993), and determining that (1) the three-day delay was "minimal," (2) there was "little to no danger of prejudice to Defendant," (3) "calendaring errors can constitute excusable neglect," and (4) there was "no evidence of bad faith." (Doc. 22 at 2.) The Court therefore granted the motion and extended Plaintiff's deadline for filing her fee motion to July 12, 2019. (*Id.*)

On July 8, 2019—four days before the July 12 deadline—Plaintiff filed the pending EAJA attorneys' fees motion. (Doc. 23.) Plaintiff sought "an award of $8250 in EAJA fees reflecting 40 hours of work by the attorneys in this case and costs in the amount of $400 for the federal court filing fees . . . ." (*Id.* at 2.) Plaintiff's supporting memorandum asserted that "Plaintiff's counsel has expended in excess of 40 hours in presenting this matter" (Doc. 23-2 at 3) but that Plaintiff's counsel seeks fees for only 40 hours of work (*id.* at 3 n.1). Plaintiff attached an affidavit from her attorney averring that 45 hours of

attorney time and 11 hours of paralegal time were spent on this matter, but the paralegal time and 5 hours of the attorney time were "not being billed in furtherance of exercising billing judgment." (Doc. 23-3 ¶¶ 16-17.) Plaintiff's counsel stated that the adjusted maximum rate in 2019 was $206.25 per hour billed. (Doc. 23-3 ¶ 12.)

Plaintiff also attached a statement of consultation that stated:

> [T]he undersigned sent an initial email to defense counsel of record . . . on June 10, 2019, attaching a draft itemization of time and an offer of settlement of fees with in invitation to discuss resolving any issues in this matter. No response was received and the undersigned emailed [defense counsel] a second time on June 17, 2019. Emails were sent again to [defense counsel] on June 26th, and July 5th and no response was received. The undersigned also called [defense counsel] on July 1st and left a detailed voicemail explaining that multiple emails were sent to no avail and that Plaintiff intended to file the instant motion without further delay. No response has been received to the emails or phone call to defense counsel.

(Doc. 23-7 at 1-2.)

On July 22, 2019, Defendant filed a response to Plaintiff's fee motion. (Doc. 24.) Defendant acknowledges that Plaintiff had filed a motion for extension of time, that the Court had granted this request and extended her deadline to July 12, 2019, and that Plaintiff had filed her motion on July 8, 2019. (Doc. 24 at 2.) Nevertheless, Defendant opposes the fee motion on the ground it's "untimely." (*Id.* at 2-3.) Defendant also argues that the amount of fees sought is unreasonable. (*Id.* at 4-5.)

## ANALYSIS

### I.    Timeliness Of Attorneys' Fees Motion

Defendant's untimeliness argument utterly ignores the Court's June 27 order, which analyzed the facts under the applicable legal standard, concluded that Plaintiff failed to act because of excusable neglect, and ordered the deadline extended to July 12, 2019. (Doc. 22.) Defendant does not make a single argument challenging that ruling. (Doc. 24.) Defendant also does not assert that it has been prejudiced, that the delay was too lengthy, that a missed deadline due to a calendaring error is inexcusable,[1] or that Plaintiff acted in

---

[1]    Indeed Defendant would be hard-pressed to assert that a calendaring error is inexcusable, considering this was Defendant's excuse for missing the deadline for filing its response brief.

- 4 -

bad faith. It almost seems like two different attorneys drafted Defendant's four-page response without reading each other's portion of the document—one wrote the "Statement of the Case," which acknowledges that Plaintiff was granted an extension until July 12, 2019 to file her fee motion (*id.* at 1-2), while the other wrote the "Argument," which rails against Plaintiff's July 8, 2019 filing as "untimely" (*id.* at 2-4).

Putting aside these contradictions, Defendant's choice to raise an untimeliness argument under the facts of this case is puzzling. The Ninth Circuit has emphasized that "[w]here, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010). "Our adversarial system relies on attorneys to treat each other with a high degree of civility and respect." *Id.* Here, "defense counsel disavowed any nod to professional courtesy, instead engaging in hardball tactics" in an attempt to prevent Plaintiff from getting the fees to which she is entitled under the EAJA.[2] *Id.* at 1262–63. This lack of professional courtesy is particularly baffling considering that Plaintiff extended the exact same professional courtesy when Defendant sought an extension after missing an earlier deadline in this case. (Doc. 15 at 1; Doc. 16 ¶ 4.)

## II. Reasonableness Of Amount Of Fees Sought

Defendant also argues the $8,250 fee request is "not reasonable" because it is based on a rate of $206.25 per hour, when in fact the maximum rate under the EAJA for the first part of 2019 is $204.25 per hour. (Doc. 24 at 4-5.) Defendant is correct that Plaintiff misstated the EAJA rate by $2 per hour.[3]

---

[2] "The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to argue that its position was substantially justified. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

[3] Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor,

- 5 -

Nevertheless, applying a $2-per-hour reduction would reduce Plaintiff's overall fee request by a whopping $80. Under the EAJA rate of $204.25 per hour, $80 is approximately the amount an attorney can bill for 0.4 hours of work (*i.e.,* 24 minutes). Plaintiff's counsel's affidavit established that 5 hours of attorney time were not billed (Doc. 23-3 ¶¶ 16-17), so the 0.4 hours that would make up the difference here are covered. The Court also notes that, if Defendant had bothered to respond to any of Plaintiff's *five attempts* to communicate about stipulating to an amount (Doc. 23-7 at 1-2), the parties would not have had to fully brief this $80 dispute.

In Plaintiff's reply, she revised her fee request to include four extra hours spent reviewing Defendant's response and researching and drafting her reply. (Doc. 25 at 5.) This is warranted. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158–66 (1990).

Multiplying 44 attorney hours by the maximum statutory rate of $204.25, the Court determines that the appropriate EAJA fee award is $8,987, plus $400 in filing costs, for a total award of $9,387.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the EAJA (Doc. 23) is **granted** and Plaintiff is awarded $8,987 in attorneys' fees, plus $400 in filing costs, for a total award of $9,387.

…

…

…

…

…

---

such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

**IT IS FURTHER ORDERED** that if the government determines that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 1st day of August, 2019.

Dominic W. Lanza
United States District Judge